**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C§§ 1983**

*FILED*
*NOV 2 7 2007*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

Name ___Brown II   William   Odessa___

 (Last)             (First)             (Initial)

Prisoner Number ___K93463___

Institutional Address ___Hwy 101 PoBox 686, Soledad CA___

___93960-0689, Correctional Training Facility-(CTF)___

====================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

___William Odessa Brown II___

(Enter the full name of plaintiff in this action.)

vs.

___Correctional Training Facility___
___et al.___
___(See Attached, Named Defendants)___

(Enter the full name of the defendant(s) in this action)

CV 07    5962    CW    (PR)

E-filing

Case No. _____
(To be provided by the clerk of court)

**COMPLAINT UNDER THE**
**CIVIL RIGHTS ACT,**
**42 U.S.C §§ 1983**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies

 [**Note:** You must exhaust your administrative remedies before your claim can go
 forward. The court will dismiss any unexhausted claims.]

 A.   Place of present confinement ___Correctional Training Facility___
                                    ___(CTF)___

 B.   Is there a grievance procedure in this institution?

      YES (X)    NO ( )

 C.   Did you present the facts in your complaint for review through the grievance
      procedure?

      YES(X)    NO ( )

 D.   If your answer is YES, list the appeal number and the date and result of the appeal at

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _____ *By Pass* _____

_____

_____

2. First formal level _____ *By- Pass* _____

_____

_____

3. Second formal level _____ *CTF-07- 0055 5* _____

_____ *Denied* _____

_____

4. Third formal level _____ *Stated Second level Response* ___

*Exhibited administrative Appeals.* _____

_____

E.    Is the last level to which you appealed the highest level of appeal available to you?

YES (✗)    NO ( )

F.    If you did not present your claim for review through the grievance procedure, explain

why. _____

_____

_____

II.    Parties

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

*William Brown* _____

*See Attached pg # 2 & 3* _____

_____

B.    Write the full name of each defendant, his or her official position, and his or her place of

employment.

*See Attached pg # 2 & 3* _____

_____

COMPLAINT                    - 2 -

1  _____

2  _____

3  _____

4  III.    Statement of Claim

5      State here as briefly as possible the facts of your case.  Be sure to describe how each

6  defendant is involved and to include dates, when possible.  Do not give any legal arguments or cite any

7  cases or statutes.  If you have more than one claim, each claim should be set forth in a separate

8  numbered paragraph.

9  _____

10      See Attached pg#'s 4-21

11  _____

12  _____

13  _____

14  _____

15  _____

16  _____

17  _____

18  _____

19  _____

20  _____

21  _____

22  IV.    Relief

23      Your complaint cannot go forward unless you request specific relief.  State briefly exactly what

24  you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

25      See Attached pg # 22

26  _____

27  _____

28  _____

COMPLAINT                    - 3 -

1

2

3

4    I declare under penalty of perjury that the foregoing is true and correct.

5

6    Signed this _19_ day of _Nov_____, 20_07_

7

8    _____

9    (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    - 4 -

William Brown II
K93463 OW241
Hwy 101, Po Box 689
Soledad, CA 93960-0689
Petitioner, In Pro Per

United States District Court
Northern District of California

William Brown, II,
            Petitioner,

Vs.                                    Case No.

Correctional Training
Facility et al., in their
official and/or individual
Capacities, (see attached for
Named defendants);
            Defendants.

Civil Rights Complaint
With A Jury Demand

This is a §1983 action filed by William Brown, a
State Prisoner, alleging violation of his constitutional
rights and seeking money damages, declaratory judgement,
and injunctive relief. The plaintiff requests a trial
by jury.

Parties to the Action

William Odessa Brown II
Petitioner

Defendants Listed

E. Stephens        J. Sareli        C. Noll

G. A. Ortiz        P. G. Dennis        G. M. Gonzales

A. Bernal          J. R. Salas        D. N. Garcia

D. G. Metcalf      D. N. McCall

2

## Jurisdiction

This is a Civil Rights Action under 42 USC§1983. This Court has jurisdiction under 28 USC§1343. Plaintiff also invokes the pendent jurisdiction of this Court.

## Parties

Petitioner William Brown II is presently incarcerated at Correctional Training Facility -(CTF), state prison, in Soledad, CA, 93960-0689 and his address is Hwy 101, Po Box 689, K-93463 CDC#.

Defendants are all employed at (CTF) Hwy 101, Po Box 686, Soledad, CA 93960-0896.

Correctional Lieutenant (Lt), E. Stephens; Associate Warden, G.A. Ortiz; Facility Captain, J. Sareli; Cheif Deputy Warden, C. Noll; Correctional Counselor II, P.6 Dennis; Correctional Officer, G.M. Gonzales; Correctional Sergeant, A. Bernal; Correctional Officer, J.R. Salas; Correctional Officer, D.N. Garcia; and Correctional Lieutenant, D.G. Metcalf; and Correctional Lieutenant, O.N. McCall.

<u>Statement of Facts</u>

I

On 19 Dec 2006, petitioner was issued an Rule Violation Report, (RVR) log # VI-12-06-025 for the specific Acts of "Delaying A Peace Officer In the Performance of Their Duties." However that RVR was reduced to "Disobeying a Direct order."

Petitioner filed an appeal challenging the fact that staff put him in a No win situation of policy and a Direct order, that appeal was denied accordingly. Upon this denial, petitioner filed with the Chief of inmate Appeals, petitioner proceeded with his complaint to Monterey Superior Court, HC 5775, on a Petition for Writ of Habeas Corpus.

On the 16 Aug 2007 the lower court initiated an order for the Attorney General, (A.G.) to file an Informal Response, that response was submitted on 14 Sept 2007 and due to the parpondence of evidence the Court issued an Order to Show Cause, that the petitioner was improperly found guilty of disobeying a direct order, 1 Nov 2007.

However, petitioner tried to resolve this issue at his RVR Hearing, but the Senior Hearing Officer (SHO), Lt. E. Stephens failed to allow the petitioner an adequate

4

and fair Hearing. The SHO did things his way during the petitioners Hearing, thus violating his rights to due process to a fair and impartial Hearing. Lt. Stephens refused to follow policy and procedures when it came to the Appellants Hearing. The Lt. was bias in his actions in finding the plaintiff guilty of Disobeying a direct order.

The actions of the Lt. was not only to punish the Plaintiff but to retaliate against him in order to protect his fellow staff members. The Lt. (Stephens) just could not dismiss the RVR he had to find the plaintiff guilty of something, when he knew that the plaintiff was deliberstly put in a No win situation of Disobeying orders and in conflict with policy of having his I.D.

Furthermore, G.A. Ortiz, Associate Warden, Chief Disciplinary Officer (CDO) and Facility Captain J. Savoli further condoned the actions of the SHO and failed to correct the problem, thus adding to the retaliation and denial of Due Process to a fair and impartial hearing. Insofar, the Appellant's appeal was also denial to still add to the punishment or satisfactory justification of the issue. The department flat out refused to adjudicate this issue. Once the SHO issued his bias decision with No regard to policies or the

5

appellants rights, that decision was final regardless of the petitioners rights to Appeal. The Department flatout refused the appellant to prove his actions or defend against the allegations that were alleged.

On the 14th Sept 2007 the Attorney General for the matter of Habeas Corpus, HC5775, states "that the petitioner didn't lose any credits affecting his incarceration," the petitioner was given four (4) points to his classification score sheet, in which contributed to the increse of custody levels, on 1 Nov 2007 Committee Review.

The appellant was found guilty of an Administrative Rule Violation, in which No points can be assess. Therefore the petitioner is still be punished for this RVR even when the 115 does not meet protocol of the California Code of Regulations, (CCR).

Deputy Warden, Chief, C. Noll and P.G. Dennis, CCII deliberately denied the plaintiff an adequate appeal process in adjudication of the (RVR), Senior Staff flatout Denied the appellants ~~appeal~~ appeal with little or No regards to the petitioners rights to argue or defend against the allegations, their actions were retalitory, vendictive and deliberately-indifferent and wanton to the plaintiffs Constitutional Rights, including thes Deputy Warden, (DW)

‖

W. Cohen when he allowed the assessment of additional points to the petitioners security level on an Administrative Appeal. The actions of W. Cohen were unnecessary, wanton and retalitory towards the plaintiff.

7

## II

On the 26 July 2007, petitioner was issued an (RVR) for the specific Acts of, "Obstructing A Peace Officer In The Performance and Duty."

However on this date Correctional Officer C. M. Gonzales and his partner, (unknown female officer, Jane Doe). So Gonzales tried to force me back into my cell and refused me yard activities for ~~went~~ not going or attending Substance Abuse Program, (SAP) that day. The officer was not going to allow me to the yard.

Petitioner request to speak with the Sergeant that was working the Hall that day, (A. Bernal) as to why I was being confined to my cell without any Disciplinary infractions, the Sergeant, (Sgt.) refused to speak with me about the issue.

Officer Gonzales had yard staff to escort me to a holding cage, with No bathroom access, for four (4) hours then I was released back to the yard without any other altercations.

Officer Gonzales, abused his authority to have his way to restrict me to my cell without an viable reason to restrain me to my cell. The actions of C. M. Gonzales were retaliatory and unecessary. wanton to force or give an order to ~~retrain~~ restrain the petitioner to his cell.

9

Sergeant A. Bernal refused to discuss this issue with the petitioner in order to resolve the issue, therefore his actions condoned the action of C.M. Gonzales thus allowing the officer to have his way, without him intervening in the matter.

Now when the petitioner had his hearing on the issue the (SHO) Lt. E. Stephens denied the petitioner to due process, ~~and~~ an fair and impartial Hearing.

Petitioner presented his documentation to the (SHO) and it was ignored, the (SHO) found me guilty of the charge and the charge does not support the requirements of the CCR tit. 15 3315. Therefore Lt. E. Stephens denied the plaintiff to an fair and impartial Hearing. The Lt. ignored policy & regulations and retaliated against the petitioner in order to protect his fellow staff members actions and acqusations towards the Plaintiff. The actions of the Lt. were unnessary-wanton, retaliting to the plaintiff rights to a fair hearing the Lt. was bias towards the petitioner.

Furthermore, Facility Captain, J. Savell and Associate Warden, Cheif Disciplinary Officer, (CDO)6. A Ortiz had the authority to correct this RVR in accordance with the CCR, however this did not happen the RVR remained without change, thus condoning the actions of the SHO and

further retaliating against the petitioner to an fair hearing resulting in further retaliation towards the Plaintiff. The actions of J. Saseli and GA Ortiz were deliberately indifferent to plaintiff rights, Administration had the authority to correct the RVR and chose not too, thus be being vindictive to the petitioners rights to an fair hearing by Lt. E. Stephens an appropriate review of the RVR as to whether the plaintiffs due ~~pros~~ process was protected and ensuring that an fair hearing was given.

The charge of Obstructing A Peace officer In The Performance and Duty does not support or meet the criteria of the CCR for an to be classified as an serious Rule Violation, Petitioner argued this point and the SHO ignored policy & procedures, thus denying the plaintiff to present documentation in order to defend against the charge. The SHO did what he wanted to do in the Hearing and deliberately denied the Plaintiff his right to defend himself and prepare an adequate defense. The SHO was already bias towards the petitioner, he was going to find me guilty no matter what the appellants said, thus retaliating against the petitioner to protect his fellow staff members.

10

## III

On 1 Jun 2007, petitioner was assigned to the (SAP) Substance Abuse Program, for fifty-nine days the petitioner did not attend this program due to a conflict with full time college correspondence course, litigations with courts and having an job on the Yard Crew.

On the 1st of Aug 2007, sixty days after being assigned to the SAP program petitioner was issued his first CDC RVR for not reporting to work.

During the plaintiffs Hearing the (SHO) Senior Hearing refused to hear or allow the appellant to defend or maintain adequate defense. It already been shown that the appellants due process rights have been violated by the (SHO) Lt. E. Stephens. The (SAP) program is an rehabilitation program so how does it become a job? Petitioner argued that point and the (SHO) ignored the appellant.

## A.

Petitioner filed an Appeal that the appellant didn't fail to report to job assignment, that appeal was denied accordingly, log # CTF-S-07-03912, 2nd level review.

Petitioner attached his the initial Committee Classification Report, 128-6 Chrono, in which clearly shows that the

11

plaintiff stated that he did not want to participate with this program, due to the fact of a conflict with a Full-time College Program (correspondence), litigations with the Courts and having an job on the yard as well is overbearing.

Furthermore at the petitioners initial Committee Review the assignment Lt was Not present, in which the individual is to be present to address issues such as jobs or placement for job/work assignments, the Petitioner was <u>Not</u> afforded that opportunity to raise this issue with the Assignment Lt.

In the Appeal Petitioner tried to address the fact that he didn't want to be in this program in which the appellant was denied his right to say No to a treatment Program. As it has been stated that the petitioners reason it not attending this program is due to a conflict with his College studies and litigations with the Court.

B.

Petitioner tried to explain to the SHO that he didn't want to be in this program and was ignored when he presented his documentation to Lt. E Stephens. The SHO rejected what I had to say and found me guilty of the Charge. The SHO actions were out of retaliation and vendictiveness to punish the plaintiff for not going

12

to this program, regardless of any documentation
expressing the fact that I didn't want to participate
with this program.

[ However the institution/Administration knew of
my dissatisfaction to being placed into this program and
and deliberately and intentionally place the Plaintiff in
this program for failure. They knew I was not going
to participate with this program or anything dealing
with this Program. ]

Furthermore, to the Petitioners appeal, P. G. Dennis
CC II and C. Noll, Chief Deputy Warden condoned the actions
of the SHO, thus denying the petitioner to an fair Appeal
Process in which was denied. The actions of the CC II
and CDW were retalitory and vindictive towards the
Petitioner, although the plaintiff has stated that he didn't
want to participate with this Program in the first place.

In addition G. A. Ortiz, was deliberately indifferent
to the Plaintiffs Const. Rights, he had prior knowledge
that the Plaintiff did not want to be placed in this program
and condoned the actions of the Facility Captain J. Sandi.
and (SHO) Lt. E. Stephens. Ortiz heard or reviewed the
Plaintiffs Committee (Initial) Appeal and Disciplinary
Appeal. He failed to correct the issue and acknowledge

13

the fact the Petitioner stated he did not want to be
in this program. Staff deliberately ignored the Plaintiff's
Contentions and deliberately ~~done the~~ let the matter
go on in which was doomed for failure.

[In addition, at the petitioner's initial Committee Classification
on 11 Oct 2006 their was No Assignment that the Classification
Committee to afford the petitioner his right to be heard and
Contest the placement into this program-SAP.] In which
denied the Plaintiff Due Process.

14

## IV

On the 3rd of Aug 2007, the Petitioner was in the law library, (attending to on of his cases M8351, reading documents to serve defendants), when Correctional officer's J. R Salas and D. N. Garcia approached me Namely J. R. Salas in a very aggressive manor. He asked me if I was to be in SAP, I replied, "yes", Salas then told or ordered me to get my SHT your going back to your cell. I told him that's fine let me staple these documents and we can go. Officer Salas did not want to hear that. At this point in time J. R. Salas became belligrent and a total Jackass towards me, Salas began to bump me with his chest, three times, while headbutting me with his forhead into the side of my rightside of my face, while his chest (Salas) was hitting my right arm. Salas intentionally was being this aggressive with me to provoke me in assaulting him or taking a defensive pose. I never came at this Yellow Belly Salamander, although that I had an Green light to do so, Salas gave me the full permission to assault him, by his actions towards me. I never posed threat to the officers, I NEVER RAISED MY

15

HANDS from my sides, even with the stapler in my hand, it never happened!¿x This is where D.N. barcia asked me to cuff up, in which I complied with and I was taken to Ad.Seg, (lock-up) for doing nothing.

While in the hole, (lock-up, where I'm still at), I was issued an RVR for "Attempted Battery on A Peace Officer with a weapon". Now when the petitioner had his Hearing by Lt. E. Stephens (SHO), Petitioner was not affored an fair and impartial Hearing by the SHO. Lt. Stephens was clearly bias and discriminative towards the petitioner, (SHO) ignored policy, rules & regulations and petitioners documentation that was presented in defense of the charges to show the plaintiffs innocence, the (SHO) ignored petitioners witness all in order to protect J.R. Salas in finding the Plaintiff guilty of the RVR and deny the petitioner a fair hearing process.

In accordance with the institutions own produced documents show that the plaintiff did nothing, No Force applied, No Victim, No Code one initiated, No Assault reported, Staff - (SHO) had No evidence to Prove the Allegations.

Furthermore to this situation Lt. D.G. Metcalf initiate the petitioners D-114 Lock up order- then the Lt. (Lieutenant) classified the petitioners RVR.

16

By the Lt. having initiated the lock-up order already biases his decision making process towards the petitioners RVR, in which amounts to Retaliation and/or vendictiveness to the Plaintiff.

B

The actions of J.R. Salas were unnecessary-wanton, maliciously and sadistically, indifferent-deliberate to the Plaintiffs ~~cust~~ Constitutional rights when Salas assaulted, aggressively grabbed the petitioner when their was No threat to him.

The actions of D.W. Garcia were deliberately indifferent to the plaintiffs rights when he allowed J.R. Salas to bump/assault and physically grab the plaintiff and did ~~nt~~ nothing to stop Salas.

The actions of D.G. Metcalf were retalitory towards the plaintiff when he was allowed to initiate an lock-up order then Classify petitioners RVR in which Does not meet the protocol of the CCR 3315, to be serious Rule Violation.

17

(4) Lieutenant E. Stephens was deliberately indifferent in his actions when he performed his duties as the (SHO). Lt. Stephens refused the petitioner the right to an fair and impartial Hearing, thus resulting in retaliation and vindictiveness measures being imposed by denying the Plaintiff due Process to present evidence to defend against the charges. The (SHO) ignored policy and procedures and disallowed the plaintiff the right to have an fair hearing.

As to reffgerence of all Rule Violation Reports, Petitioner claims all arguments in his Hearings to this petition.

14

V

In Summary, out of all the Rule Violations that have been imposed upon the Plaintiff were done out of Retaliation and vindictiveness. Petitioner was not afforded to a fair hearing of these RVR's by the SHO.

None of the RVR's that were issued to the Plaintiff met the protocol of the CCR 3315, or classified pursuant too CCR 3313, or have the necessary evidence to support the allegations or allow the plaintiff to present documentation or defend against the charges, thus denying the plaintiff due process to present his side of the story.

VI

Conclusion

In contrast, with all of the RVR's they all ex-tend from the petitioner not attending the SAP program. This Administration knew that the Petitioner contested the fact that he did not want to be in or participate with this program and the Administration ignored the Plaintiffs Contentions and placed him in this Program, with little regards to the Plaintiffs already committed obligations, for failure to participate with

19

their forced upon SAP program. Petitioner has filed and
Appeals, Staff Complaints regarding these issues.

I declare, under penalty of perjury that the foregoing
is true and Correct.

Dated:


Respectfully submitted,




William Brown

Supplemental Page
Argument

Pursuant to California Code of Regulations (CCR) title 15 the Rule Violation Reports (RVR) that I were issue to the Plaintiff does not meet protocol for Serious Rule Violations for the Specific Acts of, "Obstructing a Peace Officer In the Performance and Duty", "Attempted Battery on a Peace Officer with a Weapon- Conduct Which Could Lead To Violence". and

Furthermore, petitioner didn't refuse to attend his work assignment, his job doesn't begin until 1200 hrs, SAP is an Rehibilitive Program, How does Rehabilitation Program become a job or work program?

Finally, Lieutenant D.N. McCall and D.G. Metcalf failed to properly Classify these RVR's in accordance with Serious Rule Violation, Administrative Rule Violation requirements as defined by Classification of Rule Violation Reports.

Therefore by the actions of D.N. McCall and D.G. Metcalf was an abuse of authority and retaliatory in nature, when it came to the petitioners liberty intest in classifying these RVR's.

As to D.N. Garcia the falsification of Documents.

Wm Brown

2/

*Prayer for Relief*

Plaintiff prays for judgement for cost of suit, for such relief as fair, just, and equitable; and for Compensatory and Nominal damages in the amount of Ten Thousand, ($10,000.00) Dollars as to each Defendant, per Rule Violation, except to Defendants J.R. Sales and D.N. Garcia, in the amount of Fifty-Thousand, ($50,000.00) Dollars; as to Punitive and stress related sufferages in the amount of One-Hundred-Thousand, ($100,000.00) Dollars, U.S. currency, and insofar, any other relief the Court deems necessary and appropriate.

That all RVR's be dismissed, removed from C-File and that all credits be restored, forthwith. Also that any RVR that extents, or deals with the SAP program be dismissed, removed from C-File and all credits and forfeiture of time be restored.


Dated! 19 Nov 2007


Respectfully submitted


William Brown

ZZ