Supporting

Documents

IV

78

STATE OF CALIFORNIA                                                                              DEPARTMENT OF CORRECTIONS
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DISTRIBUTION:
WHITE - CENTRAL FILE        CANARY    - WARDEN
BLUE  - INMATE (2ND COPY)   PINK      - HEALTH CARE MGR
GREEN - ASU                 GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | ETHNICITY | CDC NUMBER | HOUSING |
|---|---|---|---|
| BROWN | BLA | K93463 | WB312U / OW241L |

### REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
[ ] JEOPARDIZED INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
[X] ENDANGERS INSTITUTION SECURITY      [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On 8/3/2007, you are being transferred from CTF-North, Unit VI, Cell WB312U, to CTF-Central, Unit II, Cell OW241L, and placed on Administrative Segregation Status. This Administrative Segregation placement is due to you attempting to commit battery on Staff with a weapon. Specifically, on this date, when C/O's J.R. Salas and D. Garcia approached you about being out of bounds, you picked up a heavy duty desk stapler, and held it in a throwing manner above your head while standing in a aggressive stance. Due to the reason mentioned above, your continued presence at CTF-North is deemed a threat to your safety, and the safety and security of the institution. You will be retained on Administrative Segregation Status pending adjudication of the charges, referral to ICC for Program Review and CSR for possible transfer. As a result of this placement your credit earning, custody level, privilege group, and visiting status are subject to change.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)      [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 8/3/2007 | D. G. METCALF | [signature] | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 8/3/2007 | 1100 | L. Gooden | [signature] | SSt |

[X] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

### ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| | | | | |
|---|---|---|---|---|
| LITERATE?? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES [ ] NO |
| FLUENT IN ENGLISH?? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYMENT | [X] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES?? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [X] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS?? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED?? | [ ] YES | | |

Any "NO" requires SA assignment                           Any "NO" may require IE assignment

[ ] NOT ASSIGNED                                          [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER      [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE: Refused to Sign    DATE: 8/3/07

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE / CDC NUMBER | WITNESS NAME | TITLE / CDC NUMBER |
|---|---|---|---|
| | | | |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY:   [X] RETAIN PENDING ICC REVIEW   [ ] DOUBLE CELL   [X] SINGLE CELL PENDING ICC

REASON FOR DECISION: Presents a threat to the Institution

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| J Saval | Capt | 8/3/07 | 1300 | [signature] |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| EE | 79 | |

33

See Chronological Classification Review document (CDC 128-G) for specific hearing information.

VP. 1

804 & COPY TO RECORDS ON: 8/4/07 BY: V. VACA [ ] CCCMS [ ] EOP [ ] NIMHP

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RULES VIOLATION REPORT

T.A.B.E. Score is 9.4

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST | HOUSING | LOG NO. |
|---|---|---|---|---|---|
| K-93463 | BROWN | EPRD 09-24-09 | CTF-NOR | WB-312U | VI-08-07-005 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(c) | Conduct Conducive ~~Attempted Battery On A Peace Officer With~~ Wil cause ~~A Weapon~~ | North Library | 8/3/2007 | 0915 Hours |

**CIRCUMSTANCES**

On 8/3/2007, at approximately 0915 hours, while I was assigned as "B" Yard Officer, Officer J. Salas and I reported to the North Library and ordered Inmate BROWN, K-93463, WB-312U, to report to his Substance Abuse Program (SAP) Assignment. Inmate BROWN stated, "You can't make me go to nowhere!" Officer Salas asked Inmate BROWN, "Are you assigned to SAP?" Inmate BROWN replied, "Yes." Officer Salas then informed Inmate BROWN that we were going to escort him back to his cell. Inmate BROWN, who was standing at the time approximately two feet away from us, then suddenly picked up an industrial sized stapler from the table with his right hand, raised it above his head as if he was going to strike us with it. In response I drew my MK-9 O.C. pepper Spray from my holder pointed it at Inmate BROWN and ordered him to cuff up. Inmate BROWN complied setting the stapler back down on the table and turning around. Officer Salas immediately placed Inmate BROWN in Mechanical Restraints (handcuffs). I feel had I not drew my MK-9 O.C. Pepper Spray Inmate BROWN would have assaulted Officer Salas and myself. With Inmate BROWN now in restraints I informed North Control to place the "B" yard in a seated position and clear the track from the library to the patio via the institutional radio. Officer Salas and I then escorted Inmate BROWN to the patio and placed him in holding cell # 6 without further incident. The stapler was subsequently retrieved from the library. I took two photographs of the stapler to document for evidence. The stapler measured approximately eleven (11) inches in length, by three (3) inches wide. Once the photographs were completed I transported the stapler and 35mm film to the Investigative Services Unit. I placed the stapler into ISU Evidence locker #79. The 35mm film was placed into the film drop box.

Inmate BROWN is aware of this CDCR-115 RVR and the specific charge. Inmate BROWN is not a mental health patient / participant at any level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ D. N. Garcia, Correctional Officer | 8-9-07 | "B" Yard (N), 3/W | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ G. L. Elliott, Correctional Sergeant | 8-8-07 | DATE 8-3-07   LOC. OW-241 |

| CLASSIFIED | OFFENSE DIVISION: D-30 F / A-1 181-360 | DATE 8/11/07 | CLASSIFIED BY (Typed Name and Signature) ▶ D. G. Metcalf, Correctional Lieutenant | HEARING REFERRED TO ☐ HO ☒ SHO ☐ SC ☐ FC |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | | | | |

**COPIES GIVEN TO INMATE BEFORE HEARING**

| | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☒ CDC 115 | ▶ Howard | 8/13/07 | 1025 | ISSUE IR 8/13/07 |
| ☒ INCIDENT REPORT LOG NUMBER: CTF-NOR- | ▶ Howard | 8/13/07 | 1025 | BY: (STAFF'S SIGNATURE) ▶ Howard  8/13/07  1025 |

HEARING:

ISSUE - Postponement Revok
OEL  8-29-07 - 1300

**PLEA:** Inmate BROWN pled NOT GUILTY.

**FINDINGS:** Inmate BROWN has been found GUILTY of being in violation of CCR§ 3005(a), specifically Conduct Which Could Lead To Violence.

**DISPOSITION:** This Senior Hearing Officer elected to reduce this Serious RVR from a Division "A-1" Offense, CCR §3323(b)(4), to a more appropriate Serious RVR, a Division "F" Offense, CCR §3323(h)(3) Counseled and Reprimanded.

(CONTINUED ON PART-C, PAGE 2 of 3)

REFERRED TO ☐ CLASSIFICATION  ☐ BPT / NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| ▶ E. Stephens, Correctional Lieutenant (SHO) | ▶ E. Stephens, Lt. | 09/18/07 | 1132 |
| REVIEWED BY: (TYPED NAME) ▶ J. Sarell, Facility Captain | 10/10/07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ G.A. Ortiz, Associate Warden, CDO | DATE 10/11/7 |
| ☐ COPY OF CDC 115 GIVEN TO INMATE AFTER HEARING   80 | BY: (STAFF'S SIGNATURE) | 10/13/07 | 2100 |

CDCR115 (7/88)   115 TB   115 HB

11/1/07 12:30

STATE OF CALIFORNIA  DEPARTMENT OF CORRECTIONS & REHABILITATION
RULES VIOLATION REPORT – PART C  PAGE 2 of 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-93463 | BROWN | VI-08-07-005 | CTF-NORTH | 09/25/07 |

CONTINUATION OF: 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER ☐

**HEARING:** Inmate BROWN appeared before the Senior Hearing Officer on 09/18/07, and then on 9/18/07, at 1132 hours it was postponed so the library workers could be interviewed. This hearing reconvened on 9/25/07 at approximately 1210 hours. The purpose for the hearing was explained. Inmate BROWN acknowledges receiving all copies of relevant documents more than 24 hours prior to this hearing.

**INMATE'S HEALTH:** Inmate BROWN stated that his health is good.

**MHDS:** Inmate BROWN is not a mental health patient / participant at any level of care, and did not exhibit behavior that was bizarre, unusual, or uncharacteristic at the time of the events documented in this Rules Violation Report. A referral to the Health Care Services Department for Mental Health Assessment was not made.

Date of discovery: 08/03/07                    Initial RVR copy issued on: 08/13/07
Hearing started on: 09/18/07                   Last document issued to inmate on: 08/13/07
DA postponed date: 08/29/07                    DA results issued date: Revoked

**TIME CONSTRAINTS:** Time Constraints were met.

**STAFF ASSISTANT (SA):** A Staff Assistant was not assigned, as Inmate BROWN waived the assignment by signing the CDCR-115A on 8/13/07.

**T.A.B.E.:** Inmate BROWN's "T.A.B.E." Reading Score is 9.4. Inmate BROWN is fluent in English and read the charges to the Senior Hearing Officer and explained his understanding of the charges / process / options / instructions to the Senior Hearing Officer's (SHO) satisfaction.

**INVESTIGATIVE EMPLOYEE (IE):** An Investigative Employee was assigned. Correctional Officer E. L. HOWARD was assigned as the Investigative Employee, as the criteria per CCR§ 3315(d)(1) were met.

**DA REFERRAL:** NO

**ADDITIONAL EVIDENCE REQUESTED OR USED:** NONE

**VIDEO TAPE EVIDENCE:** NO

**INMATE STATEMENT:** Inmate BROWN pled NOT GUILTY and stated, "When the two officers came in there, I had just come from... I was stapling my legal work. I had the stapler in my hand. Officer Salas told me I had to leave. I told him in a minute as soon as I finish stapling my work. Officer Salas began bumping into to me. I was backing up. I asked him what are you doing? He grabbed my arm. I asked for the inmate worker to be interviewed but they didn't interview them. The hearing was postponed at approximately 1132 hours on 9/18/07, so that the library worker's could be interviewed. The hearing was resumed on 9/25/07 at 1210 hours. Inmate BROWN was informed by me that the CDC-115 was misclassified and I as going to reduce the charge because he made no attempt to strike the officer with the stapler, however, I do believe he did raise the stapler above his head. Inmate stated, 'I did not raise the stapler above my head, they had batons and pepper spray, they was ready to get me, they had me surrounded. If I had of did anything, I swear on my momma's, I didn't raise that stapler'". Inmate BROWN cited a Title 15 section, which he believed made the charge against him an administrative level CDC-115. I cited Title 15 § 3315(e) an attempt or threat to commit any act in (A) through (D), coupled with a present ability to carry out the threat or attempt if not prevented from doing so." Inmate BROWN had no further statement for this hearing.

**WITNESSES REQUESTED OR PROVIDED:** Inmate BROWN did not request the presence of any witnesses.

**WITNESS TESTIMONY AT HEARING:** NONE

**CONFIDENTIAL INFORMATION:** NO

(CONTINUED ON PART-C, PAGE 3 of 3)

| | SIGNATURE OF WRITER: E. Stephens, Correctional Lieutenant (SHO) | DATE SIGNED: 9/18/07 |
|---|---|---|
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED: 10-13-07 | TIME SIGNED: 2100 |

CDCR 115-C (5/95)

81

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS & REHABILITATION
RULES VIOLATION REPORT – PART C — PAGE 3 of 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-93463 | BROWN | VI-08-07-005 | CTF-NORTH | 09/25/07 |

CONTINUATION OF: 115 CIRCUMSTANCES ☐ HEARING ☐ IE REPORT ☐ OTHER _____

**FINDINGS:** "I (Senior Hearing Officer) believe that Inmate BROWN did raise the stapler above his head, but did not attempt to strike the officer. An attempt is striving to make an effort to accomplish an end. Therefore, no attempt was made by Inmate BROWN and this CDC-115 is being reduced from an 'A-1' to a Division 'F' offense and Inmate BROWN is being found guilty of Conduct Conducive to Violence." It should be noted that he information furnished by Inmate Casey, V-29595 and Inmate Magee, B-94953 (witnesses), were taken under consideration by myself (SHO).

**ADDITIONAL DISPOSITION:** NONE

**ENEMY CONCERNS:** NO

**APPEAL RIGHTS:** Inmate BROWN was advised he will receive a completed copy of the CDCR-115 RVR upon final audit by the Chief Disciplinary Officer. Inmate BROWN was also advised of his right to appeal and the methods of appealing per DOM 53130.12.1 thru 53130.12.3.

SIGNATURE OF WRITER: E. Stephens — E. Stephens, Correctional Lieutenant (SHO)
DATE SIGNED: 09/18/07

COPY OF CDC 115-C GIVEN TO INMATE
GIVEN BY: (Staff's Signature)
DATE SIGNED: 10-13-07
TIME SIGNED: 2100

CDCR 115-C (5/95)

82

STATE OF CALIFORNIA                                                                                         DEPARTMENT OF CORRECTIONS AND REHABILITATION

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| K-93463 | BROWN | CCR§ 3005(c) | 8/3/2007 | CTF-NORTH | VI-08-07-005 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☒ YES   ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution | | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution | [signature] | 8/13/07 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ I REVOKE my request for postponement | [signature] | 8-28-07 |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED  ☒ WAIVED BY INMATE | | [signature] | 8/13/07 |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☐ NOT ASSIGNED | REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☒ REQUESTED  ☒ WAIVED BY INMATE | | [signature] | 8/13/07 |
| ☐ ASSIGNED | DATE  8-28-07 | NAME OF STAFF  W.[illegible] | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER_____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charges, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

### DEFENDANT'S STATEMENT: Inmate BROWN, K-93463

On 9/1/2007, at 0900, hours, the Investigative Employee, Correctional Officer E. L. Howard, interviewed Inmate BROWN, K-93463, in regards to Rules Violation Report Log # VI-08-07-005. Inmate BROWN submitted questions to be asked by this I.E. to the following: Correctional Lieutenant D.G. Metcalf, Correctional Officer D.N. Garcia and library workers.

The Inmate had no further statement regarding this matter at this time.

### REPORTING EMPLOYEE'S STATEMENT: Correctional Officer D. N. Garcia, "B" Yard (N), 3/W Watch, S/M RDO's

On 9/2/2007, at approximately 0800 hours, the Investigative Employee, Correctional Officer E. L. Howard interviewed Correctional Officer D. N. Garcia in regards to Rules Violation Report Log #VI-08-07-005. Correctional Officer D. N. Garcia answered the following questioned that were asked:

Q1:  "You state in your report, RVR that Mr. Brown, "Attempted battery on a peace officer with a weapon". Correct?"
A1:  "Yes."

( CONTINUED ON PART-C, PAGE 2 of 3 )

IE copy issued on __9/17/07__ __1245__ By: __Howard__ Issuing Officer   INVESTIGATOR'S SIGNATURE ▶ E. L. Howard, C/O, I.E., U/6   DATE 9/16/07

Final 115 copy issued on __10-17-07__ By: _____ Issuing Officer

BY: (STAFF'S SIGNATURE) ▶ Howard   TIME 1845   DATE 8/13/07

☒ COPY OF CDC 115A GIVEN INMATE

CDCR 115-A(7/88)   ------ If additional space is required use supplemental pages -----

| STATE OF CALIFORNIA | | | DEPARTMENT OF CORRECTIONS AND REHABILITATION | |
|---|---|---|---|---|
| RULES VIOLATION REPORT – PART C | | | | Page 2 of 3 |
| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
| K-93463 | BROWN | VI-08-07-005 | CTF-NORTH | 9/13/2007 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

CONTINUATION: Questioned asked by this I.E. to Correctional Officer D.N. Garcia

Q2: "Since that you have used Battery in your report or charged Inmate BROWN with battery, wouldn't there need to be some kind of force to be applied and a victim of that force to occur for battery to be used?"

A2: "The charges against Inmate BROWN are attempted battery."

Q3: "If yes, then who was the victim?"

A3: "N/A"

Q4: "Now in accordance with Penal Code § 242, would you say that I meet this regulation as it has been defined by the specific acts herein this 115 report? Then you could say that you falsely accused Mr. BROWN for battery?"

A4: "Your question regarding PC 242 is invalid because CDCR does not follow Penal Code offenses unless picked up by the District Attorney of the county the prison is located in. We follow the rules and regulations defined in the Title 15. Therefore, your question does not merit an answer."

The Reporting Employee had no further statement concerning this matter at this time.

CLASSIFIER'S STATEMENT: Correctional Lieutenant D.G. Metcalf

On 9/2/2007, at approximately 0900 hours, the Investigative Employee, Correctional Officer E. L. Howard interviewed Correctional Lieutenant D.G. Metcalf in regards to Rules Violation Report Log #VI-08-07-005. Correctional Lieutenant D.G. Metcalf answered the following questioned that were asked:

Q1: "When you classified Mr. BROWN's Rules Violation Report (RVR), can you say that you followed protocol of the California Code of Regulations (CCR), Title 15, 3315 Serious Rule Violation (SRV). If yes, then explain your position as to why, "Attempted battery on a peace officer with a weapon" does not meet (cannot be found in) the requirements of the CCR Title 15 3315(a)(3)(A-X) sets the standards for SRV's. What protocol did you follow?"

A1: "Your CDCR 115 was properly classified. The act of attempted battery on a peace officer with a weapon is a Serious Rules Violation. The criteria of CCR section 3315 is met. Specifically, 3315(a)(X) involvement in a conspiracy or attempt to do any of the above and 3315(2)(A) use of force or violence against another person. Based on this your rules violation is properly classified.

Q2: "Furthermore, Lt., you also classified this RVR as a Division "A" offense. Correct? Then you can say that you followed protocol of the CCR Title 15, 3323? Yes or no. If yes, then please demonstrate that the specific acts of my 115 meets the CCR requirements Title 15, 3323(b)(1)-(8)."

A2: "Yes, see section 3323(b)(4) criteria are met.

Q3: "Wouldn't you agree that in both cases you abused your authority and failed to classify my 115 within the requirements of the CCR's. See CCR Title 15, 3314(a)(2)(A) and 3323(d)(2). Wouldn't you agree that these two sections would be appropriate classification for this RVR?"

A3: "The section you cite does not apply to you. You cite 3314(a)(2)(A), since attempted battery on a peace officer with a weapon is a serious rules violation not an administrative rules violation. You also cite 3323(d)(2) is attempted battery or battery on a non-prisoner. You were charged with a more suited offense of attempted battery on a peace officer with a weapon.

Q4: "Lt. Metcalf, can you say that you honestly evaluated this situation being in good sound judgment of mind that you didn't abuse your authority all for the sole purpose to be vindictive or use a retaliatory measure upon Mr. BROWN when you classified this RVR 115? Being a man of integrity and of good faith, did you render an unbiased or bias decision (for his)(when you evaluated) issue/matter?

A4: "Based on the totality of the circumstance this is a properly classified CDCR 115. This is based on the California Code of Regulations § 3323(b)(4) attempted battery or battery with a deadly weapon or caustic substance."

Q5: "In accordance with Penal Code § 242, would you say that Mr. BROWN'S actions in this matter meets the qualification for "Battery" as defined by the Penal Code? Furthermore, as it has been stipulated in the staff of Incident Reports. "There was No use of force, No victim, and No assault..." Then I must question how you came to the conclusion of battery, when all of the elements to or for battery to exist, are missing? So how in the world did you classify this RVR as a Serious Rule Violation under a Division "A" offense when you have "No" evidence to support the specific acts herein this 115? What protocol did you use?"

(CONTINUED ON PART-C, PAGE 3 OF 3)

| SIGNATURE OF WRITER: E. L. Howard, C/O, I.E., U/6 | DATE SIGNED: 9/16/07 |
|---|---|
| GIVEN BY: (Staff's Signature) | DATE SIGNED: 10-13-07 | TIME SIGNED: 2108 |

CDCR 115-C (5/95)

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| K-93463 | BROWN | VI-08-07-005 | CTF-NORTH | 9/13/2007 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER_____

CONTINUATION: Questions that were asked of Lieutenant Metcalf by this I.E.

A5   "I am unfamiliar with the Penal Code, but according to the California Penal Code 2007 Edition 242 Battery defined a battery is any willful or unlawful use of force or violence upon the person of another. Yes, your charge of attempted battery is correct."

The Classifying Lieutenant had no further statement concerning this matter at this time.

Inmate BROWN submitted the following question that was to be asked of the Inmate Library worker's:

Ask all of them what did they see and what did they hear? Did I raise my hands over my head? Did any of them hear Mr. BROWN say anything during the time of the incident? If yes, what was said by him?

This I.E. spoke with Inmate Casey, V-29595, and stated the following:

I observed Correctional Officer Salas and Correctional Officer Garcia approach Inmate BROWN on the date in question and tell him that he needed to leave the library and report to SAP once he finished stapling his legal forms together. That's when Officer Salas became belligerent and began to walk up on Inmate BROWN. Inmate BROWN was attempting to back up when Officer Salas grabbed Inmate BROWN by his right arm. Inmate BROWN then snatched his arm away from Officer Salas and stated, "Man don't be grabbing me." At that time Officer Salas told Inmate BROWN to turn around so he could handcuff him and Inmate BROWN complied. At no time did Inmate BROWN raise the stapler or his hand above his head or in any other manner to suggest that he was indicating harm to Officer Salas or Officer Garcia.

Inmate Casey had no further statement concerning this matter at this time.

This I.E. spoke with Inmate Magee, B-94953, and stated the following:
1) Inmate BROWN didn't raise the stapler above his head. 2) There was no aggressive stance taken by Inmate BROWN, he kept asking for time to stapler court document for court deadline. 3) I heard Inmate BROWN ask for time to finish processing his court document. At which time Correctional Officer Salas stated you have to go back to your housing. Inmate BROWN stated let me finish stapling my paperwork and we can go. At which Officer Salas moved closer to Inmate BROWN and Inmate BROWN moved back and Officer Salas continue approach more insistently as Inmate BROWN backed away with stapler in hand at which Officer Salas grabbed Inmate BROWN and told him to turn around and put the stapler down, which Inmate BROWN did and was handcuffed by Officer Salas.

Inmate Magee had no further statement concerning this matter at this time.

STAFF WITNESS REQUESTED: NO
INMATE WITNESS REQUESTED: NO
REPORTING EMPLOYEE REQUESTED: NO
INVESTIGATIVE EMPLOYEE REQUESTED: NO
ADDITIONAL INFORMATION NOT CONTAINED IN CONFIDENTIAL REPORTS: NO

| STAFF WITNESSES REQUESTED AT THE HEARING: | INMATE WITNESSES REQUESTED AT THE HEARING: |
|---|---|
| None | None |

= THIS CONCLUDES THE INVESTIGATIVE EMPLOYEE REPORT =

ISSUE FINAL COPY
10-13-07 - 2100

| SIGNATURE OF WRITER: | | DATE SIGNED: |
|---|---|---|
| E. L. Howard, C/O, I.E., U/6 | | 9/16/07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED: | TIME SIGNED: |
| | 9-19-07 | 2100 |

CDCR 115-C (5/95)

*STATE OF CALIFORNIA  
DEPARTMENT OF CORRECTIONS AND REHABILITATION  
CRIME / INCIDENT REPORT  
PART A - COVER SHEET  
CDCR 837-A (REV. 10/06)

I/M COPY.
IL-08-07-005
DV-1.5.2

| Page 1 of 4 | INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| | CTF-NOR-07-08-0274 | 08/03/2007 | 09:15 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | PROGRAM | AD/SEG YARD | USE OF FORCE: |
|---|---|---|---|---|---|---|---|
| CTF | NOR - MEDIUM | ☐ I ☐ II ☐ RC ☑ III ☐ IV | CTF-NORTH | B-YARD | GP | N/A | No |

SPECIFIC CRIME / INCIDENT  
Battery on a Peace Officer With a Weapon - (ATTEMPTED)

☑ CCR ☐ PC ☐ N/A   NUMBER / SUBSECTION  
3005-c1 Force or Violence

| D.A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID | PIO/AA NOTIFIED |
|---|---|---|---|
| ☑ Yes ☐ No | ☐ Yes ☑ No | ☐ Yes ☑ No | ☑ Yes ☐ No |

RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A |

Other Desc:

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A |

ESCAPES  
☑ N/A

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A |

EXTRACTION:  
☑ N/A

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)  
On August 3, 2007, at approximately 0915 inmate BROWN, K93463, WB-312, attempted to commit battery with a weapon (heavy duty desk stapler), on Correctional Officer's J. Salas and D. Garcia.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID# | BADGE # |
|---|---|---|---|
| DONNIE METCALF | CORRECTIONAL LIEUTENANT | | |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE | DATE |
| | | 678-6045 | 8/3/2007 |

STATE OF CALIFORNIA  
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**  
**PART A1 - SUPPLEMENT**  
CDCR 837-A1 (REV. 10/06)

DV-1.5.2

Page 2 of 8  
INCIDENT LOG NUMBER: CTF-NOR-07-08-0274

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| CTF | NOR - MEDIUM | 08/03/2007 | 09:15 |

TYPE OF INFORMATION:  
☑ SYNOPSIS/SUMMARY OF INCIDENT ☐ SUPPLEMENTAL INFORMATION ☐ AMENDED INFORMATION ☐ CLOSURE REPORT

SUSPECTS: BROWN, K93463

VICTIMS: NONE

USE OF FORCE: NONE

On August 3, 2007 at approximately 0915 hours while Correctional Officer's D.Garcia and J. Salas were performing the "Work and School Call", they went to the library and instructed inmate BROWN, K93463, WB312 of his job responsibilities and instructed him to leave the library and return to job assignment in the Substance Abuse Program (SAP) with the position # SAP-N-444 with the hours of 0715-1115 and the Regular Days Off (RDO's) of Saturday, Sunday and Holidays. Inmate Brown replied, "I don't have to go nowhere, you can't make me." Officer Salas then asked inmate Brown are you assigned to SAP? Inmate Brown replied "Yes." Officer Salas then instructed inmate Brown that Officer Garcia and himself (Salas) were going to escort Brown back to his housing unit. Brown who was standing and approximately two (2) feet away immediately grabbed an industrial stapler from the table with his right hand, raised it above his head as if he was going to strike officer's Garcia and Salas. Officer Garcia and Salas both felt threatened. Officer Garcia immediately drew his MK-9 OC Pepper Spray from his holder and aimed it at inmate Brown and ordered him to cuff up. Inmate Brown complied setting the stapler back down on the table and turned around. Officer Salas immediately placed inmate Brown in handcuffs. With Brown now in restraints Officer's Salas and Officer Garcia prepared to escort inmate Brown out of the library. Prior to exiting the library Officer Garcia utilized his institutional radio and advised control to, "Place The B-Yard in a Seated Position". Officer's Salas and Garcia escorted inmate Brown out of the library and placed him holding cell #6 without further incident. The stapler was subsequently retrieved from the library and photographed by Officer Garcia. The stapler measured approximately eleven (11) inches in length, by three (3) inches in wide. The film roll and stapler were taken to the Investigative Services Unit. The film was placed into the film drop box and the stapler was placed into evidence locker #79.

ESCORTS: Correctional Officer's J. Salas and D. Garcia

MEDICAL/ MENTAL HEALTH EVALUATION/TREATMENT: A CDCR 7219, dated August 3, 2007 at approximately 1140 hours, authored by LVN Williams notes the following injuries- Abrasion/Scratch to right wrist area.

VIDEOTAPED EVIDENCE: NONE

CRIME SCENE/EVIDENCE: Correctional Officer D. Garcia photographed the heavy duty desk stapler. The film was placed into the film evidence drop box and the heavy duty stapler placed into evidence locker #79 in the Investigative Services Unit.

INJURIES: No staff or inmate injuries occurred as of a result of this incident.

DAMAGES: No damages to state or personal property occurred of a result of this incident.

NOTIFICATIONS: All appropriate Administrative staff have been notified regarding this incident. This matter may be referred to the Monterey County District Attorney's Office for possible felony prosecution. You will be apprised of any further development regarding this incident via supplemental reports.

CONCLUSION: Inmate Brown was transferred to CTF-Central and placed on Administrative Segregation Status. Inmate Brown will be issued a Rules Violation Report charging him with the specific act of "Attempted Battery on a Peace Officer With a Weapon" a Division "A-1" offense. All documentation pertaining to this incident will be issued in accordance with the California Code of Regulation Title 15.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE: | ID# | BADGE # |
|---|---|---|---|
| DONNIE METCALF | CORRECTIONAL LIEUTENANT | | |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. INCIDENT SITE | DATE |
|---|---|---|
| | 678-6045 | 8/3/2007 |

| STATE OF CALIFORNIA | | | | | | | | DEPARTMENT OF CORRECTIONS AND REHABILITATION |
|---|---|---|---|---|---|---|---|---|

CRIME / INCIDENT REPORT
PART B1 - INMATE
CDCR 837-B1 (REV. 10/06)

DV-1.5.2

Page 3 of 4 ~~8~~

| INSTIUTTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| CTF | NOR - MEDIUM | CTF-NOR-07-0~~3~~-0274 |

**INMATE (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI #: | CII # |
|---|---|---|---|---|---|---|---|
| BROWN | WILLIAM | O | K-93463 | M | BLA | ▓▓▓ | ▓▓▓ |

| PARTICIPANT | CLASS SCORE | PVRTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | RELEASE Date Type | EXTRACTION | DOB | HOUSING |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT | 48 | NO | ▓▓▓ | ▓▓▓ | ▓▓▓ | ▓▓▓ | NO | ▓▓▓ | |

| CURRENT INMATE LEVEL | ☑ N/A   ☐ CCCMS   ☐ EOP   ☐ DMH | COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|---|---|
| III | ☐ MHCB   ☐ DDP   ☐ DPP | ▓▓▓ | ▓▓▓ |

☐ N/A   DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE
ABRASION/SCRATCH- (INJURY LOCATIONS: 1. RIGHT WRIST CAUSE: UNKNOWN - )

☐ N/A   ☑ TREATED AND RELEASED   ☐ HOSPITALIZED   ☐ REFUSED TREATMENT   ☐ N/A   NAME/ LOCATION OF HOSP/ TREATMENT FACILITY: CTF-NORTH HEALTH CARE SERVICES
☐ DECEASED DATE _____

Reason For Death:   Is There ASCA Seious Injury  ☑ N/A   PRISON GANG / DISRUPTIVE GROUP     VALIDATED / ASSOCIATED
⦿ No   ◯ Yes

82

| STATE OF CALIFORNIA | | | | DEPARTMENT OF CORRECTIONS AND REHABILITATION | | |
|---|---|---|---|---|---|---|
| CRIME / INCIDENT REPORT<br>PART B2 - STAFF<br>CDCR 837-B2 (REV. 10/06) | | | | DV-1.5.2<br>Page 4 of 8 | | |
| INSTITUTION<br>CTF | FACILITY<br>NOR - MEDIUM | | | INCIDENT LOG NUMBER<br>CTF-NOR-07-08-0274 | | |

**STAFF (ENTIRE SHEET)**

| NAME: LAST<br>GARCIA | FIRST<br>D | | MI<br>N | TITLE<br>CORRECTIONAL OFFICER | SEX<br>M | ETHNICITY<br>HIS | RDO'S<br>S/M |
|---|---|---|---|---|---|---|---|
| PARTICIPANT<br>PRIMARY | BADGE # | ID # | | POST ASSIGN #<br>321478 | | POSITION<br>C/O B YARD | |

☑ N/A  DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A  NAME/ LOCATION OF HOSP/ FACILITY  ☑ N/A  ☐ TREATED AND RELEASED  USED FORCE ☐ Yes ☑ No   PROCESSED EVIDENCE ☐ Yes ☑ No
☐ REFUSED TREATMENT  ☐ HOSPITALIZED   TYPE OF FORCE:
Reason For Death   ☐ DECEASED DATE
Is There ASCA Serious Injury  ⦿ No  ◯ Yes

| NAME: LAST<br>SALAS | FIRST<br>J | | MI<br>R | TITLE<br>CORRECTIONAL OFFICER | SEX<br>M | ETHNICITY<br>HIS | RDO'S<br>S/S/H |
|---|---|---|---|---|---|---|---|
| PARTICIPANT<br>PRIMARY | BADGE # | ID # | | POST ASSIGN #<br>221418 | | POSITION<br>C/O A YARD | |

☑ N/A  DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A  NAME/ LOCATION OF HOSP/ FACILITY  ☑ N/A  ☐ TREATED AND RELEASED  USED FORCE ☐ Yes ☑ No   PROCESSED EVIDENCE ☐ Yes ☑ No
☐ REFUSED TREATMENT  ☐ HOSPITALIZED   TYPE OF FORCE:
Reason For Death   ☐ DECEASED DATE
Is There ASCA Serious Injury  ⦿ No  ◯ Yes

| NAME: LAST<br>WILLIAMS | FIRST<br>C | | MI | TITLE<br>LICENSED VOCATIONAL NUR | SEX<br>F | ETHNICITY<br>WHI | RDO'S<br>T/W |
|---|---|---|---|---|---|---|---|
| PARTICIPANT<br>WITNESS | BADGE # | ID # | | POST ASSIGN #<br>NORTH MEDICAL | | POSITION<br>NORTH RTQ'S | |

☑ N/A  DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A  NAME/ LOCATION OF HOSP/ FACILITY  ☑ N/A  ☐ TREATED AND RELEASED  USED FORCE ☐ Yes ☑ No   PROCESSED EVIDENCE ☐ Yes ☑ No
☐ REFUSED TREATMENT  ☐ HOSPITALIZED   TYPE OF FORCE:
Reason For Death   ☐ DECEASED DATE
Is There ASCA Serious Injury  ⦿ No  ◯ Yes



89

STATE OF CALIFORNIA     DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (REV. 10/06)

5 of 8

Page 1 of 2     INCIDENT LOG NUMBER: CTF-NOR-07-08-0274

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| GARCIA | D | N | 8/3/2007 | 9:15 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 321478 | C/O B AYRD | 2 YR. 5 MO. | 8/3/2007 | CTF NORTH LIBRARY |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/M | 14:00-22:00 | BATTERY ON A PEACE OFFICER WITH A WEAPON (ATTEMPTED) | 3005-c1 Force or Violence |

**YOUR ROLE:** PRIMARY

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER):** (S) SALAS, J C/O

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES):** (S) BROWN, K94363

**FORCE OBSERVED BY YOU:** NONE

**FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE:**
- [x] N/A
- FORCE:
  - [ ] EXPANDABLE BATON
  - [ ] PHYSICAL FORCE
  - [ ] X10
- WEAPON:
  - [ ] MINI 14
  - [ ] .38 CAL
  - [ ] 9MM
  - [ ] SHOTGUN
- WARNING / EFFECT:
- LAUNCHER:
  - [ ] 37MM
  - [ ] L8
  - [ ] 40MM
  - [ ] 40 MM MULTI
  - [ ] HFWRS
- EFFECT #:

**CHEMICAL AGENTS USED - CHEMICAL/ TYPE:**
- [x] N/A
- [ ] OC
- [ ] CN
- [ ] CS
- [ ] OTHER

| EVIDENCE COLLECTED BY | EVIDENCE DESCRIPTION | EVIDENCE DESCRIPTION | BIO HAZARD | PPE |
|---|---|---|---|---|
| [x] Yes [ ] No | ONE INDUSTRIAL STAPLER AND 1 ROLL OF 35 MM FILM | LOCKER #79 ISU FILM DROP BOX | [ ] Yes [x] No | [ ] Yes [x] No |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| [ ] Yes [x] No | | | DESC: | [ ] Yes [x] No |

**NARRATIVE:**

On 8/3/2007, at approximately 0915 hours, while assigned as a B-Yard Officer, Officer J. Salas and I reported to the North Library and ordered Inmate Brown, K93463, WB312U, to report to his Substance Abuse Program (SAP) assignment. Brown stated, "You can't make me go to nowhere!" Officer Salas asked Brown, "Are you assigned to SAP?" Brown replied, "Yes." Officer Salas then informed Brown that we were going to escort him back to his cell." Brown, who was standing at the time approximately two feet away from us, then suddenly picked up an industrial sized stapler from the table with his right hand, raised it above his head as if he was going to strike us with it. In response I drew my MK-9 O.C. Pepper Spray from my holster pointed it at Brown and ordered him to cuff up. Brown complied setting the stapler back down on the table and turning around. Officer Salas immediately placed Brown in mechanical restraints (handcuffs). I feel had I not drew my MK-9 Pepper Spray Brown would have assaulted Officer Salas and myself. With Brown now in restraints I informed North Control to place the B-Yard in a seated position and clear the track from the Library to the Patio via the Institutional Radio. Officer Salas and I then escorted Brown to the Patio and placed him in holding cell #6 without further incident. The stapler was subsequently retrieved from the Library. I took two photographs of the stapler to document for evidence. The stapler measured approximately eleven (11) inches in length, by three (3) inches wide. Once the photographs were completed I transported the stapler



[x] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| | Correctional Officer | | | 8/3/2007 |

| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED | APPROVED [x] Yes [ ] No | CLARIFICATION NEEDED [ ] Yes [x] No | DATE |

STATE OF CALIFORNIA  
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (REV. 10/06)

7 of 8

Page 1 of 1 | INCIDENT LOG NUMBER: CTF-NOR-07-08-0274

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SALAS | J | R | 8/3/2007 | 9:15 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 221418 | C/O A YARD | 23 YR. 1 MO. | 8/3/2007 | CTF-NORTH LIBRARY |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/S/H | 06:00-14:00 | BATTERY ON A PEACE OFFICER WITH A WEAPON(ATTEMPTED) | 3005-c1 Force or Violence |

**YOUR ROLE:** PRIMARY

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER):** (S) GARCIA C/O

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES):** (S) BROWN, K93463

**FORCE OBSERVED BY YOU:** NONE

**FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE:**
- [✓] N/A
- FORCE: [ ] EXPANDABLE BATON  [ ] PHYSICAL FORCE  [ ] X10
- WEAPON: [ ] MINI 14  [ ] .38 CAL  [ ] 9MM  [ ] SHOTGUN
- LAUNCHER: [ ] 37MM  [ ] L8  [ ] 40MM  [ ] 40 MM MULTI  [ ] HFWRS

**CHEMICAL AGENTS USED:** [✓] N/A  [ ] OC  [ ] CN  [ ] CS  [ ] OTHER

**EVIDENCE COLLECTED BY:** [ ] Yes  [✓] No  
**BIO HAZARD:** [ ] Yes  [✓] No  
**PPE:** [ ] Yes  [✓] No

**REPORTING STAFF INJURED:** [ ] Yes  [✓] No  
**SCIF 3301/3067 COMPLETED:** [ ] Yes  [✓] No

**NARRATIVE:**

On 8-03-07, at approximately 0915 hours, while assisting Officer D. Garcia, at the North Library, I instructed inmate Brown, K-93463, WB-312-U, assigned to Substance Abuse Program (SAP) Position N-444, with RDO's S/SU/H, of his responsibilities of being at his job assignment. Brown stated, "I don't have to go nowhere! You can't make me!" I then asked Brown if he was assigned to the SAP. Brown stated, "Yes." I then instructed Brown that Officer D. Garcia and I were going to escort him back to his housing unit. Brown immediately grabbed an industrial stapler from the table with his right hand, raised it above his head, and got in an aggressive stance in an attempt to strike Officer Garcia and myself. The stapler was made of metal with a black base and white handle. I felt our lives were in danger. Officer Garcia ordered Brown to place his hands behind his back. Brown complied and I placed in him restraints Garcia called CTF North Control via institutional radio to place the "B" yard in a sitting position. Garcia and I then escorted Brown from the library to Holding Cell #8 without further incident.

[ ] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE: Correctional Officer | BADGE # | ID# | DATE: 8/3/2007 |
|---|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED | APPROVED: [X] Yes [ ] No | CLARIFICATION NEEDED: [ ] Yes [X] No | DATE |
|---|---|---|---|---|

STATE OF CALIFORNIA  
DEPARTMENT OF CORRECTIONS  
MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

8 of 8  
CTF-NOR-07-08-0274

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle): INJURY / USE OF FORCE / (UNUSUAL OCCURRENCE) / ON THE JOB INJURY / PRE AD/SEG ADMISSION | DATE |
|---|---|---|---|
| CTF | North | UNUSUAL OCCURRENCE | 8-3-07 |

THIS SECTION FOR INMATE ONLY  
NAME: LAST Brown  FIRST William  CDC NUMBER K93463  HOUSING LOC. WB 312  NEW HOUSING LOC.

THIS SECTION FOR STAFF ONLY — (blank)

THIS SECTION FOR VISITOR ONLY — (blank)

PLACE OF OCCURRENCE: Library  
DATE/TIME OF OCCURRENCE: 8-3-07  0915  
NAME OF WITNESS(ES): (blank)

TIME NOTIFIED: 1525  
TIME SEEN: 1530  
ESCORTED BY: (blank)  
MODE OF ARRIVAL: AMBULATORY / ON SITE Holding #1  
AGE 37  RACE Black  SEX Male

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE:  
I/m states "No"

INJURIES FOUND? YES / **NO**

| # | Injury |
|---|---|
| 1 | Abrasion/Scratch |
| 2 | Active Bleeding |
| 3 | Broken Bone |
| 4 | Bruise/Discolored Area |
| 5 | Burn |
| 6 | Dislocation |
| 7 | Dried Blood |
| 8 | Fresh Tattoo |
| 9 | Cut/Laceration/Slash |
| 10 | O.C. Spray Area |
| 11 | Pain |
| 12 | Protrusion |
| 13 | Puncture |
| 14 | Reddened Area |
| 15 | Skin Flap |
| 16 | Swollen Area |
| 17 | Other |

O.C. SPRAY EXPOSURE? YES / **NO**  
DECONTAMINATED? YES / **NO**  
Self-decontamination instructions given? YES / **NO**  
Refused decontamination? YES / **NO**  
Q 15 min. checks: (blank)  
Staff issued exposure packet? YES / **NO**

RN NOTIFIED/TIME: N/A  
PHYSICIAN NOTIFIED/TIME: N/A

TIME/DISPOSITION: RTC 1535  
REPORT COMPLETED BY/TITLE (PRINT AND SIGN): Myesha Payne / Myesha Payne  
BADGE #: (redacted)  RDOs: Sun/Mon

STATE OF CALIFORNIA  
RIGHTS AND RESPONSIBILITY STATEMENT  
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME  William Odessa Brown | INMATE/PAROLEE'S SIGNATURE  Wm Brown | CDC NUMBER  K93463 | DATE SIGNED  8 Nov 2007 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:  
ORIGINAL -  
Public - Institution Head/Parole Administrator  
Inmate/Parolee - Attach to CDC form 602  
Employee - Institution Head/Parole Administrator  
COPY - Complainant


93

*Violation of Due Process*
*Complaint on SHO Lt. E. Stephens Denied Appellant fair Hearing*

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region _____  Log No. _____  Category _____

1. _____   1. _____
2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Wm Brown | K93463 | Subject 42 USC 1983 Retaliation | OW241 |

A. Describe Problem: Appellant was Not afforded to a fair and impartial Hearing of RVR VI-12-06-025 by SHO, Lt. Stephens and to an fair and impartial Appeal Process by Administration, Log# CTF-S-07-00553. Due to the Fact the Appellants Rights were violated for a fair and impartial Hearing + Appeal process, Appellant submitted an Petition for Writ of Habeas Corpus, Monterey Superior Court, Case No. HC5775. On the 16 Aug 2007 the Court initiated an order, directing the Atty Gen to file an Informal Response, on the 14th Sept 2007 that response was submitted, however in the contrast of the Preponderance of evidence the Court initiated

If you need more space, attach one additional sheet.

B. Action Requested: Appellant Request; 1) that should any part of this Appeal be P. Granted Define what is Granted + Denied; 2) that this Appeal be handled pursuant to CCR § 3084.1(e)+(a); 3) that all RVR's issued by CTF* be investigated as to whether the Appellant was afforded an fair and impartial Hearing (* upon the

Inmate/Parolee Signature: _Wm Brown_       Date Submitted: 3 Nov 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____       Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____       Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim        CDC Appeal Number:

94

Interviewed by: _____

**E. REVIEWER'S ACTION** (Complete within 15 working days): Date assigned: _____   Due Date: _____

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other

_____
_____
_____
_____

Staff Signature: _____   Title: _____   Date Completed: _____

Division Head Approved: _____   Returned
Signature: _____   Title: _____   Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____
_____
_____

Signature: _____   Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other

☐ See Attached Letter

**G. REVIEWER'S ACTION** (Complete within 10 working days): Date assigned: _____   Due Date: _____

Signature: _____   Date Completed: _____
Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other
☐ See Attached Letter

Date: _____

CDC 602 (12/87)



Department deliberately ignored policy, procedures and Regulations of the CCR when it came to the Appellants Appeal and rights. Thus showing and proving that the Appellant was not afforded an fair and impartial Hearing and Appeal Process. The Appellant had to seek the judicial process in order for proper justice and adjudication of this matter.

Lt. Stephens always states, "He's an fair Hearing Officer", not according to the enclosed documentation by the Court.

Action Requested Continued:

the Appellant); 4) Should any of those RUR's be in violation with the rights of a fair and impartial Hearing be Dismissed accordingly; 5) that any RUR Conducted by (SHO) Lt. Stephens be investigated thoroughly namely the following RUR'S, a) RUR Log# VI-09-07-005, b) RUR Log# VI-07-07-035, c) RUR Log# VI-08-07-001; 6) that any of the RUR's listed in #5 be dismissed in their entirety for not providing the Appellant to an fair and impartial Hearing; 7) <u>That all Disciplinary Appeals be investigated</u> to ensure that Appellant was properly given an adequate and impartial Appeals process, due to the fact that the Administration condones the Actions of SHO disciplinary proceedings & findings, namely appeals CTF-S-07-04300, CTF-S-07-04099, CTF-S-07-03912; 8) Should any of these RUR's listed in #5 that was heard by Lt. Stephens violate the Appellants rights to a fair and impartial Hearing be Dismissed in their entirety and removed from his C-File, ensure that the appellants rights were properly maintained, Due to the fact that this Lt. cannot hold a fair RUR Hearing; 9) that the Lt. (Stephens) be held accountable for his actions in violating the Appellants Rights; and 10) including his Administration as well.

95

an Order to Show Cause on 1 Nov 2007, Id pg 4 line 22-24. The Court clearly states, "The Court issues an order to show cause only with respect to the Petitioner's claim that he was improperly found guilty of disobeying a direct order (RVR-12-06-025)."

Having said this and providing factual documentation that the (SHO) Lt. Stephens and this Administration failed to allow the appellant an fair and impartial Hearing and an impartial Appeal process, Courts Orders superseeds any action, policy or decision that has been rendered by the institution. Lt. Stephens abused his authority in or for this matter.

Now, Lt. Stephens, clearly failed and was deliberately bias, discriminative, retalitory towards the Appellant in affording me with an fair and impartial Hearing. The Lt. actions were to find me guilty at all costs to protect his fellow staff members so call integrity while ~~victim~~ violating my rights to a fair Hearing and following and obeying policies, procedures and regulations as ~~Defined~~ defined by the CCR § 3291 +3004. ~~and~~ Pursuant to CCR 3391, Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the Department, on or off duty, shall be avoided by all employees. Lt. Stephens actions have done just that brought discredit and unethical conduct, when it comes to Hearing RVR's of the Appellant. upon himself Point Blank and simple this Lt. cannot hold or have an fair and impartial Hearings of RVR's with the Appellant.

Furthermore, Administration has condoned the actions of Lt Stephens, (SHO) when the appellant submitted his Appeal, CTF-S-07-00553. The department ~~failed~~ ~~is~~ was bias and discriminative when it came to the Appellants Appeal. The

Subject to 42 USC 1983

65