William Brown II
K93463 OW241
Hwy 101 Po Box 689
Soledad, CA 93960-0689
Petitioner, In Pro Per

RECEIVED Filed
NOV 28 2007

E-filing

United States District Court
Northern District of California

William Brown
    Petitioner,
vs
Correctional Training
Facility, et al.,
    Defendants.

Case No. CV 07 5962 (PR)

Temporary Restraining Order and/or Preliminary Injunction

Plaintiff William Brown, requests this Court to grant him a temporary restraining order and/or preliminary injunction directing the defendants to withhold its process from initiating an transfer of the Plaintiff from the facility.

Dated: 19 Nov 2007

Respectfully submitted

/s/ William Brown
William Brown

William Brown II
K93463 OW241
Hwy 101 Po Box 689
Soledad, CA 93960-0689

Petitioner, In Pro Per

United States District Court
Northern District of California

William Brown, II,
    Plaintiff,        Case No.

vs.

Correctional Training
Facility, et al.,        Brief In Support
    Defendants.

Brief In Support of Plaintiff's Motion for
Temporary Restraining Order and/or Preliminary Injunction

Statement of the Case

This is an §1983 action filed by a State Prisoner at Correctional Training Facility-(CTF), Soledad, CA, seeking damages, declaratory judgement, and injunctive relief based on prison officials' abuse of authority, use of excessive force, violation of due process to fair hearing of Rule Violation Reports.

## Statement of Facts

As set forth in detail in the declaration of William Brown attached, Defendants Stephens, (SHO)¹ failed to allow the plaintiff an fair and impartial hearing of Rule Violations, the findings of guilty of serious Rule Violations has increased the Plaintiffs point score, in which makes the plaintiff a level IV, or Maximum Custody, therefore resulting in a transfer of institutions from a level III facility to a level IV facility.

## Argument

### (I)

A litigant may be granted a temporary restraining order (TRO) upon a showing that the plaintiff is in danger of immediate and irreparable injury, that the adverse party will not be substantially harmed if a TRO is granted, that the TRO is consistent with the public interest, and that the Petitioner has a strong likelihood of success in the lawsuit.

---

1) Senior Hearing Officer

A. <u>Irreparable Injury</u>.

A loss of constitutional rights, even for a short periods of time, constitutes injury. <u>Elrod v. Burns</u>, 427 U.S. 347, 373 (1976). The deprivation of an fair and just hearings of Rule Violations clearly violates the constitution. Everyday that the findings of guilty RVR's remain at the disposal of the defendant's, denies the plaintiff his right to challenge the violations, before he is transferred, through CDC[1] appeals system.

B. <u>Absence of Harm to the Adverse Party</u>.

There is no harm that can be rendered to defendants, due to the Plaintiff being in Administrative Segregation. Thus, there will not be harm to defendants from a TRO.

Even if the Court finds that the Plaintiff is not entitled to a temporary restraining order, it should grant plaintiff a preliminary injunction after notice to the defendants.

---

[1] California Department of Corrections and Rehabilitation

A preliminary injunction may be granted upon notice based on consideration of the same two factors discussed above, (I) <u>supra</u>.

Wherefore, the court should grant a temporary restraining order or, in the alternative a preliminary injunction, directing the defendants to sustain from transferring the Plaintiff, forthwith.

Dated: 19 Nov 2007

Respectfully submitted

William Brown

William Brown, II
K93963 OW241
Hwy 101 PoBox 689
Soledad, CA 93960-0689
Petitioner In Pro Per

United States District Court
Northern District of California

William Brown, II,
Plaintiff,

vs.

Correctional Training Facility, et al,
Defendants.

Case No.

Declaration of William Brown In Support

I, William Brown, declare:

1) I am the Plaintiff in the above-entitled matter and I make this declaration in support of my motion for a temporary restraining order or, in the alternative, for a preliminary injunction.

2) That on the dates of the Plaintiff's hearings he was not afforded an opportunity to a fair hearing, in which he was found guilty of all Rule Violations, thus increasing my point score and placing me up for transfer to a maximum security institution, (see attached 128-G Chrono).

3) Due to the fact that the SHO cannot maintain a fair and impartial Hearings as indicated in a previous Habeas Corpus Petition filed by the Petitioner, (Monterey Superior Court, HC5775), petitioner must challenge the validity of guilty findings done by defendant E. Stephens, that his action and decisions were sound and just.

4) No prior application for relief sought in this motion has been made.

Dated: 19 Nov 2007

Respectfully submitted,

*William Brown* (signature)

William Brown

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 19 day of Nov 2007.

William Brown  *(signature)*

1) ~~See Complaint, Id. E~~
   Also see Supporting documents I

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: **BROWN**  CDC #: **K93463**  BED: **COW-241L**

### COMMITTEE ACTION SUMMARY

RETAIN IN ASU, CONTINUE MAX CUSTODY, ESTABLISH D1D WG/PG EFFECTIVE 11/1/07 (PROGRAM FAILURE), CONTINUE 2X CELL, PSYCH CLEAR, ORDER NEW CDC 114D, REFER TO CSR RX TX CEN IV (270)/CAL IV (270).

### COMMITTEE'S COMMENTS

Inmate BROWN appeared before Correctional Training Facility's (CTF's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Program Review. BROWN stated that his health was good and was willing to proceed. BROWN received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, BROWN was introduced to the committee members. According to BROWN'S CDC 114D, he was placed into CTF's ASU on 8/3/2007 for: attempted battery on a non-inmate with a weapon.

Purpose of ICC program review: recommend Level IV review based upon recent disciplinaries. Case factors remain the same as indicated on CDC-128G dated 10/11/06 with the following changes or additions: TB code is 22 per CDC-128C dated 3/19/07; disciplinary history includes RVRS for Conduct Conducive to Force/Violence (8/3/07), Refusing to Attend Substance Abuse Program (8/1/07), Refusing to Submit to Urine Sample (7/30/07), Obstructing a Peace Officer in the Performance of his Duty (7/26/07), and Disobeying Orders (12/19/06); unfavorable points have been assessed for these RVRS, resulting in a 20 point unfavorable change to the placement score, from 48 to 68.

Due to this increase in placement score, BROWN requires transfer to a level IV institution. CEN IV (270) and CAL IV (270) are the selected institutions for adverse TX. Upon TX he will be eligible for CLO-B custody and C/C WG/PG.

ICC notes that BROWN is deemed a program failure due to his recent disciplinary history which includes four (4) serious RVR's within a 120 day period. His WG/PG is established at D2D while in ASU from this date forward. Based on this behavior, ICC also considers BROWN a management concern and applies CLO-B custody for a period of observation. His custody will be reviewed again at his next scheduled annual review (7/08).

A new CDC 114D is requested due to the reason of ASU retention is now due to having level IV placement score, and being considered a threat to the safety and security of the institution.

Based upon a review of BROWN'S CDC 114D, CDC 115s, Central File, case factors, and through discussion with him, committee elects to: Retain in ASU, Continue MAX custody, Establish D1D WG/PG effective 11/1/07 (Program Failure), Continue 2x cell, Psych Clear, Order new CDC 114D, Refer to CSR RX TX CEN IV (270)/CAL IV (270).

At the conclusion of this review, BROWN was informed of his Appeal Rights with regards to this committee's actions. BROWN acknowledged his understanding and agreement with committee's actions.

**STAFF ASSISTANT**
Not Assigned: (Issues not complex and non-participant in MHSDS)

### INMATE CASE FACTORS

| CUSTODY | PS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | ETHNIC | PSYCH DATE/128C | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|
| MAX | 68/IV | D2D - 11/1/2007 | EPRD 12/23/2009 | HSD | 7/1/2008 | BLA | Clear | N/A |

### COMMITTEE MEMBERS

*CHAIRPERSON*
W. Cohen, CDW

*MEMBERS*
G. Ortiz, AW; A. Kester, FC (A); M. Iomeli, CCII (A);
Dr. R. Greene, Mental Health

*RECORDER*
S. Martin, CCII

Committee Date: 11/1/2007    **PROGRAM REVIEW**    Committee: O110107SDM1

Typed By:  - Distribution: C-File & Inmate    CORRECTIONAL TRAINING FACILITY    Classification Chrono CDCR 128G (Rev: 10/06)